THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IAM NATIONAL PENSION FUND;<br><br>and<br><br>YOLANDA MONTGOMERY,<br>Executive Director of the IAM National Pension Fund<br><br>99 M St., SE, Suite 600<br>Washington, DC 20003<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>TRIDENT TECHNOLOGIES, LLC<br><br>310 The Bridge Street, Suite 350<br>Huntsville, AL 35806<br>　　　　　　　Defendant. | Civil Case No. :_____ |

## COMPLAINT

Plaintiffs, IAM National Pension Fund (the "Fund"), and Yolanda Montgomery in her capacity as Executive Director of the Fund (collectively, "Plaintiffs"), bring this action against TRIDENT TECHNOLOGIES, LLC. ("Defendant"), stating as follows:

### NATURE OF THE ACTION

1. This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*.

2. Plaintiffs seek legal and equitable relief to redress Defendant's failure to pay outstanding interest on previous delinquent monthly contributions, in violation of 29 U.S.C. §§ 1132(a)(3) and 1145.

### JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), because the district courts of the United States have been granted exclusive jurisdiction of civil actions brought by fiduciaries under ERISA.

4. This Court has personal jurisdiction over Defendant pursuant to ERISA's nationwide service of process provision 29 U.S.C. § 1132(e)(2), because the Defendant has the requisite minimum contacts within the United States as a whole.

5. Venue is proper pursuant to 29 U.S.C § 1132(e)(2), because the Fund is administered in this District.

## PARTIES

6. The Fund is an "employee pension benefit plan" and "pension plan" as defined by 29 U.S.C. § 1002(2)(A).

7. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37).

8. The Board of Trustees of the IAM National Pension Fund ("Trustees"), pursuant to their authority under the Fund's Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), have authorized the Fund's Executive Director, Yolanda Montgomery, to initiate litigation on the Fund's behalf, and she brings this action pursuant to such authority and solely in her capacity as fiduciary of the Fund.

9. The Fund's offices are located at 99 M Street SE, Suite 600, Washington, DC 20003.

10. Defendant is an "employer" pursuant to 29 U.S.C. § 1002(5).

11. Upon information and belief, Defendant's its principal place of business is located at 310 The Bridge Street, Suite 350, Huntsville, AL 35806.

## FACTS

12. At all times relevant to this action, Defendant was a party to a collective bargaining agreement and/or bridge agreements ("CBA") with local and district lodges affiliated with the IAM Union (collectively, "Union").

13. The CBA binds Defendant to the Fund's Trust Agreement, as well as any amendments and policies promulgated by the Trustees pursuant to their authority under the Trust Agreement.

14. The CBA and Trust Agreement require that Defendant make pension contributions for eligible employees.

15. Under Article V § 4 of the Trust Agreement, "[e]mployer[s] shall be obligated to make Contributions when due…[and] [i]f the Employer fails to make such Employer Contributions when due, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received."

16. Section 2 of the Fund's Policy for the Collection of Delinquent Contributions ("Contributions Policy"), promulgated by the Trustees pursuant to their authority under the Trust Agreement, requires contributions to be remitted to the Fund no later than "the twentieth (20th) day of the month following the month for which the Contributions are being paid."

17. The Contributions Policy states that "Contributions shall become delinquent if not received by the Fund on or before the last business day of the month in which Contributions are due."

18. Defendant has failed to pay $7,464.77 in interest owed on previously delinquent contributions for the time period of August 2023 through June 2024.

19. Interest has and will continue to accrue during the pendency of this litigation on all unpaid contributions in accordance with the Trust Agreement.

20. Defendant's failure to pay interest owed on previously delinquent contributions constitutes a breach of its continuing obligations under the CBA, the Trust Agreement, and the Fund's Contributions Policy.

21. Plaintiffs have complied with all conditions precedent in bringing this action.

## COUNT I

**Failure to Pay Interest on Previously Delinquent Contributions in Violation of 29 U.S.C. §§ 1132(a)(3) & 1145**

22. Plaintiffs incorporate by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37) and as the term is used by 29 U.S.C. § 1145.

24. Defendant is obligated to submit monthly pension contributions on behalf of covered employees to the Fund under the CBA, Trust Agreement, and the Contributions Policy.

25. As of the date of filing, Defendant owes the Fund $7,464.77 in interest on previously delinquent contributions for the time period of August 2023 through June 2024.

26. Defendant has a continuing obligation to make monthly contributions to the Fund, and Plaintiffs intend to seek judgment in this action for any future contributions that become delinquent pursuant to the Trust Agreement and Contributions Policy.

27. By failing to pay interest on previously delinquent contributions to the Fund as required by the CBA and the Trust Agreement, Defendant has violated ERISA and owes the Fund $7,464.77, plus any future delinquent contributions, past and accruing interest, attorneys' fees and costs, and an amount equal to the greater of the interest on the unpaid contributions or liquidated

damages of twenty (20) percent of the amount due, in accordance with the Trust Agreement and 29 U.S.C. § 1132(g)(2)(A–E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant, TRIDENT TECHNOLOGIES LLC, as follows:

(a) Enter judgment for Plaintiffs for $7,464.77, plus any unpaid contributions that become delinquent during the pendency of this litigation, interest, attorneys' fees and costs incurred in this action, and an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty percent (20%) of the amount due, as required under the Trust Agreement and 29 U.S.C. § 1132(g)(2)(A–E).

(b) Any other legal or equitable relief as this Court deems just and proper.

Dated: January 9, 2026

Respectfully Submitted,

IAM National Pension Fund and Trustees, and Yolanda Montgomery, in her capacity as Executive Director of the Fund

By: /s/ Zachary Weinberg
Zachary Weinberg (90025171)
Senior Litigation Counsel Contribution Compliance
IAM National Benefit Funds
99 M Street, SE, Suite 600
Washington, DC 20003
Telephone: (202)-998-8426 Ext. 241
Fax: (202)-471-2961
Email: zweinberg@iamnpf.org

Denise Clark (420480)
General Counsel
IAM National Benefit Funds
99 M Street, SE, Suite 600
Washington, DC 20003

Telephone: (202) 785-2658 Ext. 646
Fax: (202) 471-2961
Email: dclark@iamnpf.org

*Attorneys for Plaintiffs*